IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JEANNE B. BURHAMA dba CHEZ  )
RAFIKI AFRICAN MARKET,   )
             )
   Plaintiff,      )
             )   Civil Action No. 4:21-cv-2817
v.            )
             )
UNITED STATES OF AMERICA   )
DEPARTMENT OF AGRICULTURE  )

   Defendant.


**COMPLAINT AND REQUEST FOR JUDICIAL REVIEW OF A FINAL
AGENCY DETERMINATION**

   NOW COMES the plaintiff, JEANNE B. BURHAMA dba CHEZ RAFIKI AFRICAN

MARKET, by and through its attorney, RODNEY A. BROWN, and hereby petitions this

Honorable Court to review the Agency Decisions entered by the United States Department of

Agriculture, and in support thereof, states the following:


**<u>Parties</u>**

1.  Plaintiff, Jeanne B. Burhama dba Chez Rafiki African Market is a community grocery

store located at 11313 Fondren Dr., Ste. E, Houston, Texas 77035-2021.

2.  Defendant, the United States of America Department of Agriculture's Food and Nutrition

Service ("USDA" and "FNS"), is an agency of the executive branch of the United States

government.

## Issue and Statement of Jurisdiction and Venue

3.      Plaintiff files this original complaint and requests judicial review of the USDA's decision

dated July 21, 2021, disqualifying plaintiff's store from participation in the SNAP.

4.      This Court has jurisdiction over this matter pursuant to 7 U.S.C. § 2023(a)(13), 5 U.S.C.

§ 702, and 28 U.S.C. § 1331.

5.      This Court is the appropriate venue, pursuant to 7 U.S.C. § 2023(a)(13) and 28 U.S.C. §

1402 because plaintiff resides, is engaged in business, and has its principal place of business, in

this district.

## Standard of Review

6.      Pursuant to 7 U.S.C. § 2023(a)(15), this action shall be a trial de novo in which the Court

"shall determine the validity of the questioned administrative actions in issue."


## Background and Procedural History

7.      The USDA FNS administers the Supplemental Nutrition Assistance Program ("SNAP"),

formerly known as the Food Stamp Program.  Congress' stated goal for the SNAP is to

"safeguard the health and well-being of the Nation's population by raising levels of nutrition

among low-income households." 7 U.S.C. § 2011.

8.      Participants of the SNAP must use their benefits "to purchase food from retail food stores

that have been approved for participation" in the SNAP.  7 U.S.C. § 2013(a). In addition, federal

regulations prohibit participating SNAP retailers from accepting program benefits in exchange

for ineligible merchandise.  7 C.F.R. § 278.2(a).

9.      USDA can disqualify a retailer from participating in SNAP if it determines the retailer

violated SNAP regulations. 7 C.F.R. § 278.6(e)(5).  A disqualified retailer can seek

administrative review of such action. 7 C.F.R. § 279.2.  Following administrative review, the aggrieved retailer can pursue judicial review in the appropriate United States district court. 7 C.F.R. § 279.7; 7 U.S.C. § 2023(a)(13). During the pendency of judicial review, the complainant can apply to the district court for a stay of the Agency's administrative action. 7 U.S.C. § 2023(a)(17).

10.     FNS began targeting plaintiff in 2020 when, in a letter dated August 6, 2020, FNS charged Plaintiff's store, *Chez Rafiki African Market*, with SNAP benefit trafficking between October 2019 and March 2020.  FNS asserted three patterns of violations: 1) "multiple transactions were made from the accounts of individual SNAP households within a set time period;" 2) "the bulk of SNAP households' remaining benefits were depleted within short time frames;" and 3) "a large number of EBT manual transactions were made from the accounts of SNAP households."

11.     At all times, plaintiff disputed these charges, arguing that they were unsupported by admissible evidence and based on flawed statistical data combined with erroneous conclusions. Moreover, FNS' charges are supported by inadmissible lay opinions. FNS' charged plaintiff with SNAP violations based on plaintiff's food stock, although FNS never examined, documented, or considering plaintiff's entire stock of food.  (*See attached exhibit showing plaintiffs food warehouse that FNS failed to document and consider before charging plaintiff on August 6, 2020).*

12.     On September 11, 2020, FNS sanctioned Plaintiff for these alleged violations by forcing plaintiff to pay a $59,000.00 fine.   Although plaintiff never agreed with FNS' allegations, plaintiff took out several personal loans so that plaintiff could pay the fine anyway and continue to serve the community with valuable food and feeding services.

13.     Then, less than a year later FNS targeted plaintiff again.  On or about March 29, 2021, USDA again charged plaintiff with violating SNAP rules by inadvertently accepting SNAP benefits in exchange for ineligible merchandise.   The charge letter now threatened a one-year disqualification of plaintiff from SNAP participation.

14.     Plaintiff again responded to USDA's charges and allegations on April 17, 2021. Plaintiff's response showed that that plaintiff was unaware and did not benefit from any SNAP violations that may have been committed by plaintiff's store clerk.  This explanation, if shown by plaintiffs, would be an affirmative defense to USDA's proposed disqualification.

15.     By letter dated May 6, 2021, USDA informed Plaintiff that it had made a final determination to disqualify the store from participating in SNAP for a one-year period.

16.     By letter dated May 15, 2021, Plaintiff requested administrative review, which FNS granted.

17.     In a letter dated July 21, 2021, USDA issued its "Final Agency Decision," affirming its prior decision to disqualify Plaintiff's store from SNAP for a one (1) year period.


## Complaint – Count  1

18.     Plaintiff incorporates herein for all purposes the above-paragraphs 7-17.

19.     Upon information and belief, FNS' intentional act of assessing a $59,000.00 fine against plaintiff store without considering plaintiff's entire stock of food offered to customers violated plaintiff's right to procedural due process as guaranteed by the Fourteenth Amendment to the United States Constitution.

20.     Upon information and belief, FNS' intentional act of targeting plaintiff's store less than a year after it fined plaintiff's store $59,000.00 violated plaintiff's right to procedural due process as guaranteed by the Fourteenth Amendment to the United States Constitution.

21.     Upon information and belief, FNS' intentional act of denying plaintiff the ability to show plaintiff has an affirmative defense to disqualification violated plaintiff's right to procedural due process as guaranteed by the Fourteenth Amendment to the United States Constitution.

22.     Upon information and belief, FNS is denying plaintiff due process and equal protection of the laws of the United States by disqualifying plaintiff's store because it primarily caters to a socioeconomically downtrodden clientele. Furthermore, FNS is denying plaintiff  equal protection of the laws by targeting the store because of its owner's national origin.

23.     But for USDA's actions, plaintiff would not have been assessed a fine, and would not be now subject to a one-year disqualification.

## Request for Stay

24.     Upon information and belief, a one-year disqualification from SNAP will have crippling economic consequences to plaintiff because a large segment of plaintiff's customer base depends on SNAP benefits. A loss of this customer base would force plaintiff's small business to close.

25.     Therefore, plaintiff will suffer irreparable injury from its disqualification from SNAP unless this Court temporarily stays FNS' administrative action during the pendency of this review. 7 U.S.C. § 2023(a)(17).

## Demand for Jury Trial

Plaintiff demands that all issues be tried by a jury.

**<u>Requests for Relief</u>**

WHEREFORE, plaintiff requests that this Court grant the following relief:

A.  A *de novo* trial so that this Court can determine the validity of FNS's final administrative actions;

B.  An order temporarily staying FNS's final administrative action during the pendency of this action;

C.  A judgment and order that FNS's final administrative action is invalid and that reverses that action;

D.  An order awarding plaintiff reasonable attorney's fees; and

E.  Any other relief that this Court deems appropriate.


Respectfully submitted,

Vanderpool & Brown, LLP

*<u>/s/Rodney A. Brown</u>*
Rodney A. Brown
Atty ID No. 357597
Texas SBN: 24029328
13201 Northwest Freeway, Suite 702
Houston, TX 77040
Tel. (281) 974-3538
Fax. (281) 974-3518
Email: rodney@vandblaw.com
Attorney for Plaintiff