UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Jeanne Burhama, | § | United States District Court<br>Southern District of Texas<br>**ENTERED**<br>February 16, 2022<br>Nathan Ochsner, Clerk |
| Plaintiff, | § | |
| *versus* | § | Civil Action H-21-2817 |
| United States of America, | § | |
| Defendant. | § | |

## Opinion on Summary Judgment

1. *Background.*

The United States Department of Agriculture's Food and Nutrition Service administers the supplemental nutrition assistance program. Participating retailers must only accept benefits for eligible goods. If the Service determines that a retailer violates the program's regulations, it may disqualify them. The retailer may timely seek administrative and judicial review.

Jeanne Burhama runs the Chez Rafiki African Market grocery store in Houston. The Service granted her program eligibility in December 2013.

In August 2020, the Service charged Burhama with three program violations. In September, the Service fined her $59,000, which she paid.

On March 29, 2021, the Service charged Burhama for accepting benefits for ineligible goods. The Service disqualified her program eligibility for a year. Burhama appealed, and the Service upheld its decision on July 21, 2021.

On August 27, 2021, Burhama sued the United States seeking review of the 2020 and 2021 decisions – under 7 U.S.C. § 2023(a)(13) – asserting that it violated her procedural due process and equal protection rights. The United States has moved for summary judgment. It will prevail.

2.   *Lack of Response.*

Burhama did not respond to the United States's motion for summary judgment – nor move for summary judgment herself having been given the opportunity. Under federal rule 56(e)(2), the court may consider all of the government's asserted facts as undisputed.[1] Because she did not respond, the court will consider the government's facts in its motion as undisputed.

3.   *Judicial Review.*

A.   *2020 Case.*

A retailer has ten days from receiving a determination letter to request administrative review; if not, it becomes final.[2] If, after seeking administative review, the agency issues a final determination, the retailer has 30 days to file a lawsuit.[3]

Burhama received the determination letter on September 11, 2020. She did not request administrative review until September 30. Her request was untimely, and her 2020 case became final. Even if she could seek judicial review of this case, the lawsuit was filed nearly a year after the final determination – well beyond 30 days.

This court does not have jurisdiction to review Burhama's 2020 case.[4]

---

[1] *Brown v. United States Postal Inspection Service*, 206 F. Supp. 3d 1234, 1242 (S.D.T.X. 2016).

[2] 7 U.S.C. § 2023(a); 7 C.F.R. §§ 278.6, 279.2.

[3] 7 U.S.C. § 2023(a)(13).

[4] *See Rubee M, Inc. v. United States*, 2006 WL 1291356, at *4 (S.D.T.X May 5, 2006).

B.    *2021 Case.*

The court reviews program violation determinations *de novo*.[5] The court reviews the sanction imposed under an arbitrary and capricious standard – or if it is legally unwarranted or factually unjustified.[6]

Burhama was charged with accepting coupons for ineligible goods. A Service investigator shopped at the store three times and used benefits to buy ineligible goods. Burhama did not dispute the violations and admitted to committing them.

The statute authorizes disqualification and civil money penalties for these program violations.[7] A one-year disqualification may be imposed if the retailer had a prior sanction.[8] Civil money penalties may be the more appropriate penalty if the store sells a "substantial variety of staple food items," and disqualifying would cause hardship because "there is no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices."[9]

The record shows that the review officer found that the one-year disqualification was appropriate in the 2021 case because of the prior $59,000 penalty imposed in the 2020 case. Burhama's store was classified as a "combination grocery/other store that sells some ethnic/specialty/African foods." The review officer noted seven other eligible stores within a one-mile radius – including one classified similarly. The officer's decision that a civil money penalty was not appropriate is supported by the record.

Because Burhama gives no evidence that her disqualification was arbitrary or capricious, her challenge to the 2021 case fails.

––––––––––––––––––

[5] 7 U.S.C. § 2023(a)(13).

[6] *Goodman v. United States*, 518 F.2d 505, 509-12 (5th Cir. 1975).

[7] 7 U.S.C. § 2021(a)(1).

[8] 7 C.F.R. § 278.6(e).

[9] 7 C.F.R. § 278.6(f)(1).

4.    *Conclusion.*

Jeanne Burhama will take nothing from the United States of America.


Signed on February *16*, 2022, at Houston, Texas.




_____
Lynn N. Hughes
United States District Judge